Filed 8/19/15  P. v. Gonzalez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062894 |
| v. | (Super.Ct.No. FWV1302987) |
| MIGUEL ROY GONZALEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Miguel Roy Gonzalez was charged by felony complaint with bringing controlled substances into a jail (Pen. Code,[1] § 4573, count 1) and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a), count 2). The complaint also alleged that defendant had one prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and had served six prior prison sentences (§ 667.5, subd. (b)). Pursuant to a plea agreement, defendant pled guilty to count 1. The parties stipulated that the police reports provided a factual basis for the plea. The court immediately sentenced defendant to the agreed upon term of four years in state prison, with 290 days of custody credits. The court dismissed the remaining counts and allegations. Defendant subsequently filed a petition to for resentencing pursuant to section 1170.18, which the court denied. Defendant appeals from the denial of his petition for resentencing. We affirm.

PROCEDURAL BACKGROUND

On January 28, 2014, defendant entered a plea agreement and pled guilty to one count of bringing controlled substances into a jail. (§ 4573). The court sentenced him to four years in state prison, in accordance with the plea agreement.

In November 2014, California voters approved Proposition 47 (effective November 5, 2014). (§1170.18.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

(crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id*. at p. 1092.)

On December 17, 2014, defendant filed a petition for resentencing, pursuant to Proposition 47. (§ 1170.18.) On January 16, 2015, the court found that defendant was not eligible for resentencing and denied the petition.

On February 5, 2015, defendant filed a notice of motion and motion for reconsideration of the petition for resentencing with the superior court clerk. The notice of motion and motion for reconsideration of the petition for resentencing were construed to be an appeal.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether he was eligible for resentencing under section 1170.18. Counsel has also requested this court to undertake a review of the entire record.

3

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

MILLER

                J.

CODRINGTON

                J.